**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-50697
Summary Calendar**

_____

**SILVIA M. PENA,**

**Plaintiff-Appellant,**

**versus**

**USAA FEDERAL SAVINGS BANK,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(SA-98-CV-88)**

_____

**March 28, 2000**

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

For this *pro se* action and appeal, at issue are the dismissal of Silvia M. Peña's claim that, in violation of Executive Order 11246, she was terminated by USAA Federal Savings Bank (USAA) in retaliation for participating in a compliance review by the Office of Federal Contract Compliance Programs; and the summary judgment granted USAA on her claims that USAA discriminated against her on the basis of sex, national origin, and disability, in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12112(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

For our *de novo* review of a dismissal for failure to state a claim on which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), we will affirm only if "it appears beyond doubt that [Peña] can prove *no* set of facts" showing that she is entitled to relief. **Blackburn v. City of Marshall**, 42 F.3d 925, 931 (5th Cir. 1995) (internal quotation marks and citation omitted; emphasis added). Likewise, we review a summary judgment *de novo*, applying the same standard as the district court. The movant, USAA, prevails only if there is *no* material fact issue and it is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *see, e.g.*, **Weber v. Roadway Express, Inc.**, 199 F.3d 270, 272 (5th Cir. 2000).

Pursuant to our review of the record and the briefs, the dismissal was proper, *see* **Farkas v. Texas Instrument, Inc.**, 375 F.2d 629, 632-33 (5th Cir.), *cert. denied*, 389 U.S. 977 (1967) (no private right of action under Executive Order 10925, predecessor to Executive Order 11246), as was the summary judgment. We so hold essentially for the reasons stated in the magistrate judge's detailed opinion, **Peña v. USAA Fed. Sav. Bank**, No. SA-98-CA-0088-FB (W.D. Tex. May 10, 1999), adopted by the district court. **Peña v. USAA Fed. Sav. Bank**, No. SA-98-CA-88-FB (W.D. Tex. June 18, 1999).

                                                      ***AFFIRMED***